# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
SEP 19 2007
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

JACK RAMSEY, )
)
Plaintiff, )
)
v. ) No. CIV 06-313-RAW-SPS
)
DIANE McGEE, )
)
Defendant. )

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss or for summary judgment and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint, the defendant's motion, plaintiff's responses, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma (HMCC), brings this action under the authority of 42 U.S.C. § 1983 seeking monetary damages and injunctive relief for alleged constitutional violations occurring during his incarceration at HMCC.[1] The defendant is Diane McGee, the Unit Manager for "A" Unit at HMCC.[2]

---

[1] Plaintiff, however, states in his objection to the motion for summary judgment that this lawsuit was not filed in an attempt to seek monetary damages [Docket #25 at 1].

[2] To the extent the defendant is sued in her official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages

Plaintiff alleges he and Defendant McGee have not seen eye-to-eye since plaintiff was assigned to Ms. McGee's unit in 2001. Their conflict allegedly arose from plaintiff's complaints to her about his cellmate, "a black homosexual with filthy living habits." Ms. McGee allegedly told plaintiff to live with the cellmate or go to restrictive housing. Plaintiff also claims Ms. McGee is known to favor certain black inmates over the other inmates on the unit.

Plaintiff further alleges his sanctions for a misconduct expired on June 6, 2006, and on June 7, 2006, he was approved for a promotion to Earned Credit Level 2. On July 5, 2006, he asked Defendant McGee about the promotion, and she wanted to argue with him about it. Plaintiff claims he said he would not stand around to argue with her, so he left her office to return to work. Ms. McGee allegedly called him back and told him he could forget about an earned credit promotion until after August. As a result, plaintiff's discharge date was extended by more than two years for no proper cause.

Defendant McGee has filed a motion to dismiss, alleging this lawsuit must be dismissed pursuant to 42 U.S.C. § 1997e. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The special report states that on April 7, 2006, plaintiff received a misconduct for

---

suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

2

Individual Disruptive Behavior for having six books of matches in an eating bowl. He pleaded guilty to the offense and was punished with the loss of 120 earned credits and a demotion to Level 1 for 60 days. On June 7, 2006, he submitted a Request to Staff requesting promotion to Level 2, as of that date. The response to the Request to Staff, dated June 15, 2006, stated that level promotions are effective the first of each month. The case notes from his case manager, dated July 13, 2006, state plaintiff believed he was being punished excessively, because he did not get promoted back to Level 2 exactly 60 days after the misconduct. Plaintiff was advised that he would remain at Level 1 until he changed his attitude toward the staff.

On June 20, 2006, plaintiff filed a grievance concerning his request to be promoted to Earned Credit Level 2. The grievance was returned unanswered the next day, because no grievance form was signed by the inmate. Plaintiff apparently resubmitted his grievance on June 22, 2006, but it also was returned, because it was signed in pink ink. Such forms are supposed to be typed or written in blue or black ink.

Plaintiff's third grievance on this issue was filed on June 26, 2006, and it was denied the next day. The response stated that, pursuant to OP-060107, when plaintiff was eligible for a level promotion, the promotion would be effective the first day of the following month. On July 3, 2006, plaintiff's appeal of the grievance was returned unanswered by the Director's Designee, because it was written in pencil. Plaintiff resubmitted his appeal to the Director's Designee, who denied the appeal for plaintiff's failure to present authority for his claim that the reviewing authority's decision was erroneous. The denial stated that plaintiff had exhausted his administrative remedies under Okla. Stat. tit. 57, § 564, but he had not satisfied the additional requirements of the Governmental Tort Claims Act, Okla. Stat. tit.

3

51, § 151-200. Because it is unclear to the court whether the Oklahoma Governmental Tort Claims Act is applicable to plaintiff's claim concerning his earned credit level, *see* Okla. Stat. tit. 51, § 152(5) (2007), the court will proceed on the merits of this issue.

Defendant McGee asserts plaintiff's earned credit level assignment did not implicate his due process rights. In Oklahoma, the decision to classify a prisoner and the corresponding right to earn good-time credits is purely discretionary and rests on a number of considerations. Okla. Stat. tit. 57, § 138(B), (D)(4). A prisoner may be accorded relief for the deprivation of good-time credits if he can demonstrate "the State's action . . . inevitably affect[ed] the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). A prisoner is not entitled to due process protection for State action that *might* affect the duration of his sentence. *See id*. When the decision to award good-time credits "rests on a myriad of considerations," the chance that the decision will *inevitably affect* the duration of his sentence is "too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.; see also Meachum v. Fano*, 427 U.S. 215, 229-30 (1976) (holding changing a prisoner's classification ordinarily does not deprive him of liberty); *Twyman v. Crisp*, 584 F.2d 352, 356-57 (10th Cir. 1978) (noting "the loss of the opportunity to earn good time credit . . . because of reclassification does not deprive a prisoner of a constitutional right."). Here, the court finds plaintiff had no constitutionally protected interest in being promoted to a higher earned credit level on a particular date, so this claim is meritless.

With respect to plaintiff's claim that Defendant McGee discriminated against him because of his race, the court finds plaintiff has failed to allege he was treated differently because of any suspect classification, or alternatively, that he was treated differently than those similarly situated without regard to a legitimate penological purpose. *See Templeman*

4

*v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). Furthermore, "racially discriminatory intent or purpose is required to demonstrate a race-based violation of the Equal Protection Clause." *Villanueva v. Carere*, 85 F.3d 481, 485 (10th Cir. 1996).

The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981), states the following: "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice. *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)." Plaintiff's claim of racial discrimination fails.

Finally, plaintiff's claim that he should be assigned to another earned credit level is improper in a § 1983 action and must be dismissed. Habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In addition, "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. 722, 731 (1991). Therefore, this claim must be dismissed.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case

5

when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED** this 19th day of September 2007.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**